E-filing

Davoy Casillas
8662 Seneca St.
Oakland CA, 94605
510-972-5008
( "Pro Se")

FILED
SEP 1 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

C08-04333 ADR EMC

| | |
|---|---|
| **DAVOY CASILLAS** | ) CASE NO.: _____ |
| Plaintiffs | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v | ) |
| | ) 1. **TRUTH IN LENDING ACT** |
| **NEW CENTURY MORTGAGE CORP.** | )    **VIOLATIONS** |
| And | ) 2. **VIOLATIONS OF BUSINESS AND** |
| **DEUTSCHE BANK NATIONAL TRUST** | )    **PROFESSIONS §17200 AND §17500** |
| **CO., as Trustee for Morgan Stanley ABS** | ) 3. **PREDATORY LENDING & UBAP** |
| **Capital 1 Inc Trust 2006-NC4** | ) 4. **UNLAWFUL AND FRAUDULENT** |
| And | )    **FORECLOSURE ACTION** |
| **AMERICA'S SERVICING CO.** | ) |
| And | ) |
| **NDEX or NDEx WEST LLC., as Substitute,** | ) |
| **Trustee for America's Servicing Company** | ) |
| And | ) |
| **Does 1-10** | ) |
| | ) |
| Defendants | ) |
| | ) |

--------------------------------------------------------

## COMPLAINT

### I.

### PRELIMINARY STATEMENT

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C § 1601 *et seq.*, and Reg. Z, 12 C.F. R. § 226, for multiple violations of federal and state law, Business and Professional codes § 17200 and 17500, Predatory Lending practices and Unfair and Deceptive practices resulting in a wrongful non-judicial foreclosure action by the defendants

-1-

and for violations of due process and to enforce the rights of Plaintiff to rescind a consumer loan transaction, to void the security interest of all above Defendants in Plaintiff's home, which is identified as 8662 Seneca street, Oakland CA 94605 in the County of Alameda, (hereafter "Subject Property"), to enjoin all the Defendants from transferring title or otherwise transferring any interest in the Subject Property to any third party, including foreclosure, to enjoin all the Defendants from taking any and/or unlawful detainer action to evict Plaintiff from the Subject Property, and to recover statutory damages, reasonable attorney's fees and costs by reason of Defendants violation of the Truth In Lending Act

2. Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known upon information and/or belief, and/or will be proven in discovery and/or trial.

## II.

## JURISDICTION

3. The jurisdiction of this court for the First Cause of Action is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640 [c] and 28 U.S.C. §§ 1331 and 1337.

4. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the parties in this action by the fact that Defendants are either individuals who reside in this District within California or are corporations duly licensed to do business in California.

6. Venue lies within this District in which the events giving rise to this claim occurred and because the property and/ or mortgage which is the subject of this action is situated.

## III.

## PARTIES

7. The plaintiff, Davoy Casillas is a natural person and of majority age residing at 8662 Seneca Street, Oakland CA 94605, which is the subject of this complaint.

8. The defendant, New Century Mortgage Corporation was at all relevant times doing business in the state of California brokering and selling mortgage loans. New Century

Mortgage Corporation principle place of business is located at 18400 Von Karman, Ste. 1000, Irvine, CA 92612.

9. The defendant, Deutsche Bank National Trust Co was at all relevant time doing business in the state of California as trustee under pooling servicing agreement, d.b.a as Deutsche bank, is corporation duty existing under and by virtue of the laws of the state of Californian and maintaining its principal place of business is located at 60 Wall Street, New York, NY 10015

10. The defendant, America's Servicing Company was at all relevant time doing business in the states of California as Mortgage loan Service company, d.b.a. as Wells Fargo and maintaining its principal place of business is located at 420 Montgomery street, San Francisco CA 94163

11. The defendant, NDEX was at all relevant time doing business in the state of California a substitute trustee for American Servicing Company and it principal place of business is located at 15000 Surveyor Boulevard, Ste. 500, Addison, Texas 75001.

12. At all times material, defendants including Does 1 through 10 acted individually and/or by and through their agents, officers, directors, servants, workmen, and employees, who were acting withing the authorized scope and course of their employment and/or agency for defendants.

## IV.

## FACTS OF CLAIM

13. The instant action arises out of residential mortgage (loan #: 1127104586) transactions an note on or about March 16th 2006 ("Closing Date") in which Defendants failed, among other things, to disclose important material information in a clear and conspicuous manner to Plaintiff in writing, as required by law.

14. This action also concerns Defendants fraudulent omissions and its unlawful, fraudulent and unfair business acts or practices. Defendants engaged in deceptive conduct and concealment hidden fee's higher commissions than it disclosed which where aimed at

maximizing Defendants profits, even as Defendants knew their conduct could cause plaintiff to lose there home through foreclosure.

15. The loan Defendants sold to Plaintiff violates the Truth in Lending Act (TILA). TILA is supposed to protect consumers; it mandates certain disclosures be make by lenders to borrowers concerning the terms and conditions of their home loan. Defendants failed to make these disclosures in connection with the Mortgage loan sold to Plaintiff.

16. Defendants intentionally failed and/or refused to provide Plaintiff with various disclosures that would indicate to Plaintiff that the contract entered into is void, illegal and predatory in nature, such as an accurate Truth in Lending Disclosure (Til) for the primary loan as required by 12 CFR § 226.17 and 18.

17. Plaintiff was informed and led to believe that they where obtaining a 5 year fixed and no prepayment penalty. Instead, Plaintiff received a loan which included a 2 year fixed and prepayment penalty and which contained a negative Amort. Component, both of which were never disclosed to Plaintiff prior to closing.

18. At all times relevant, Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction, which is the subject of this action was initially payable, making Defendants creditors within the meaning of TIL., 15 U.S.C.§ 1602 [f] and Reg Z § 226.17.

19. Defendants conspired to act and/or acted individually as Predatory Lenders, intentionally and knowingly with reckless disregard for the rights and otherwise vulnerable position of Plaintiff's detriment and injury and Defendant's enrichment. (Documents in possession of all defendants)

## V.
## FIRST CAUSE OF ACTION
## TRUTH IN LENDING ACT VIOLATIONS

20. Plaintiff repeat and reallege each and every item and allegation in above paragraphs 1 through 19 as fully set forth at length herein.

21. The disclosure must reflect the terms of the legal obligation between the creditor and the consumer. 12 CFR § 226.17.

22. The purpose of TILA is to protect the consumer. Reg. Z also mandates very specific disclosure requirements regarding home loans with lenders, including the Defendants, must comply; creditors shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.17 and 18.

23. The purpose of the TILA is to assure a meaningful disclosure of credit terms so that the borrowers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit and to protect the consumer against inaccurate and unfair credit billing.

24. The loan obtained by plaintiff violates TILA because the loan failed to comply with the disclosure requirements mandated by Regulation Z.

25. The TILA disclosure for the primary loan, Amount financed was understated in violation of Regulation Z, rendering the TILA disclosure ineffective

26. The schedule of payments within the TIL for the Primary loan is incorrect with a sub-prime adjustable rate mortgage loan product. Therefore the Courts should declare under 15 U.S.C. 1640[a] the Plaintiff is entitled to actual damages, twice the finance charge and the statutory penalty for each transaction.

## VI.

### SECOND CAUSE OF ACTION

### BUSINESS AND PROFESSIONAL CODE VIOLATIONS

27. Plaintiff repeat and reallege each and every item and allegation in above paragraphs 1 through 26 as fully set forth at length herein.

28. Plaintiff believes and alleges that Defendant were aware the assertions made to plaintiff regarding the terms of the subject transaction were misleading in that they were materially different than the actual and ultimate terms of the subject transaction.

29. Defendants offered services to Plaintiff, specifically arranging for and closing a mortgage transaction . This act of distributing information that is misleading is in direct violation of California Business and Professions Code § 10235

30. At all times material, Plaintiff relied upon the material intentional and/or fraudulent misrepresentation of the Defendants which resulted in the above damages.

## VII.

## THIRD CAUSE OF ACTION

## PREDATORY LENDING AND UBAP

31. Plaintiff repeat and reallege each and every item and allegation in above paragraphs 1 through 30 as fully set forth at length herein.

32. Plaintiff believes and allege that in a loan transaction consumers depend on initial information provided by creditors and Defendants were in a superior position in the transaction in that they were aware of loan programs and details of which Plaintiff was ignorant.

33. Plaintiff believes and allege that the Defendants acted unethically and in an oppressive manner when they mislead Plaintiff with respect to the subject transaction.

34. The conduct of Defendants, constituted and "unfair or deceptive practice" with in the meaning of the Consumer Protection Law.

35. Defendants and/or it's agent has been unjustly enriched at the expense of the Plaintiffs and considering the circumstances allowing the Defendants to maintain the benefit would be contrary to the rules of equity.

36. At all times relevant, the carelessness and recklessness of Defendants which resulted in the above damages.

## VIII.

## FOURTH CAUSE OF ACTION

## UNLAWFUL AND FRAUDULENT FORECLOSURE ACTION

37. Plaintiff repeat and reallege each and every item and allegation in above paragraphs 1 through 36 as fully set forth at length herein.

38. The foreclosing party is not the real party in interest because they have sold or transferred, the note, the mortgage or both and that there were multiple transfers after that ending up with the holder of an asset backed security, secured by a pool of mortgages and loans. Along the way, the notes were paid off and the security was attempted to be transferred despite the satisfaction of the note. In addition co-obligors were added and substituted.

39. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

40. As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).

41. At all times material, Plaintiff justifiably and detrimentally relied upon the material intentional and/or fraudulent misrepresentation of the Defendants which resulted in the above damages.

**PRAYER FOR RELIEF**

Wherefore, plaintiff respectfully prays that this Court:

1. The Judgment be entered against all of Defendants awarding Plaintiffs actuall demages pursuant to the amount to be proven at the time of trial;

2. That the actions of all of the Defendants be determined to be unfair and deceptive business practices and award all such relief to Plaintiff, including damages, restitution and award of cost incurred and court fees;

3. Rescission of the loan, including a declaration that the Plaintiff is not liable for any

finance charges or other charges imposed by Defendants;

4. Termination of any security interest in Plaintiff's property which may have been created under the loan;

5. Return of any money or property given by Plaintiff to anyone, including Defendants, in connection with the transaction;

6. Statutory damages;

7. Forfeiture and return of loan proceeds;

8. Punitive damages;

9. Award such other relief as the court deems appropriate.

Dated: September 12, 2008

By _____
**Davoy Casillas**
Pro Se Plaintiff